# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF IOWA

### DAVENPORT DIVISION

| | |
|---|---|
| TERRY PUTNAM, and ROB PUTNAM, on behalf of themselves and all other persons similarly situated, known and unknown, | |
| Plaintiffs, | No. 3:10-cv-00072-JAJ-RAW |
| vs. | |
| GALAXY 1 MARKETING, INC., THE HD CONNECTION LLC, DENNIS VOSS and DAVID WILLIAMS, | **ORDER** |
| Defendants. | |

This matter comes before the Court pursuant to Plaintiffs' motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA"), filed on March 17, 2011. [Dkt. No. 57.] Plaintiffs Terry Putnam and Rob Putnam, and all others similarly situated are collectively referred to as "Plaintiffs." Defendant HD Connection LLC ("HD Connection") and Defendants Galaxy 1 Marketing, Inc. ("Galaxy"), Dennis Voss, and David Williams filed responses on April 18, 2011. [Dkt. Nos. 63 & 64.] Plaintiffs replied to Defendants' responses on May 2 and 3, 2011. [Dkt. Nos. 65 & 68.]

In their motion, Plaintiffs ask the Court to grant their request to issue "Opt-in Notice" pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), to similarly-situated persons who performed satellite installation work for Galaxy and were classified as independent contractors. Plaintiffs state that the Defendants have refused consent to an opt-in notice, and as a result, ask this Court to conditionally certify a class. Plaintiffs specifically ask the Court to enter an Order: (1) permitting Plaintiffs to issue Notice of this Lawsuit to all other satellite installation technicians who performed work for Galaxy from February 2, 2007, to the present; (2) toll the limitations period from the date the Complaint was filed;

1

(3) approve the form of the Notice, as submitted to the Court; (4) permit the Plaintiffs to issue such Notice via U.S. Mail, employee pay envelopes, and a workplace posting at Galaxy offices during the notice period; and (5) order the Defendants to produce a complete class list of all persons who have performed work for Galaxy as satellite installation technicians between February 2, 2007, and the present, and who were classified as independent contractors.

## I. Procedural History

Plaintiffs originally filed their complaint in this matter on February 2, 2010, in the District Court for the Northern District of Illinois, Eastern Division. [Dkt. No. 1.; original case number 10:cv:700.] Plaintiffs filed an Amended Complaint on February 15, 2010, and Defendants filed a Motion to Dismiss based on Forum Non Conveniens, and Alternatively Motion to Transfer Venue on May 10, 2010. [Dkt. Nos. 6, 14, 15.] Judge Ruben Castillo held a hearing on May 20, 2010, and granted the motion to transfer venue to the Southern District of Iowa. [Dkt. No. 24.] The case was transferred into the Southern District of Iowa on June 7, 2010. [Dkt. No. 26.]

On September 30, 2010, Magistrate Judge Ross A. Walters entered an order granting the proposed scheduling order and discovery plan. [Dkt. Nos. 46 & 47.] Specifically, Magistrate Judge Walters' order limited discovery related to the appropriateness of issuing collective action notice under Section 216(b) of the FLSA to be completed by 1/31/2011; fact discovery to be completed within 180 days after the opt-in period expires; and the dispositive motion deadline to be May 17, 2011.[1]  On January 31, 2011, Plaintiffs filed a motion for Leave to File Second Amended Complaint, which Defendants resisted, and Magistrate Judge Walters granted on March 22, 2011. [Dkt. Nos. 53, 54, 55, 58, 59.]

---

[1]The Court notes that a motion for extension of time for scheduling order deadlines was filed on April 11, 2011, which the Court granted on May 6, 2011. [Dkt. Nos. 62 & 71.] The dispositive motion deadline, final pretrial conference, and trial were continued to a date to be set by subsequent order after the present motion is ruled upon.

On March 17, 2011, Plaintiffs filed the present motion for conditional certification of a collective action pursuant to the FLSA. [Dkt. No. 47.] To date, six (6) consents to join this lawsuit pursuant to the FLSA have been filed. [Dkt. Nos. 48, 49, 52, 56.]

## II. FACTUAL BACKGROUND[2]

Plaintiff Terry Putnam was employed by Defendants as a satellite installation technician between approximately January 2009 and November 3, 2009. He is a resident of Illinois. Plaintiff Rob Putnam was employed by Defendants as a satellite installation technician between approximately September 2009 and November 4, 2009. He is a resident of Iowa. Both plaintiffs state that they performed work for Defendants in the states of Illinois and Iowa, within the three years prior to the filing of this complaint. Three additional opt-in plaintiffs worked out of Galaxy's Rolling Meadows, Illinois office, and one opt-in plaintiff worked out of Galaxy's offices in Missouri and Bettendorf, Iowa.

Defendant Galaxy is an Illinois corporation and employs satellite installation technicians in Iowa, Illinois, Indiana, Michigan, Colorado, and Missouri. Galaxy's corporate headquarters is located at 4038 Utica Ridge Road, Bettendorf, Iowa. Galaxy classified its satellite installation technicians as independent contractors.[3] Galaxy provides installation services to DISH Network ("DISH") customers in twelve states.

Defendants David Williams and Dennis Voss are involved in the day to day business operations of Defendant Galaxy. Both Williams and Voss have the authority to hire and fire employees, direct and supervise the work of employees, and participate in decisions regarding employee compensation and capital expenditures.

---

[2]These facts are all taken from the Second Amended Complaint, and the associated pleadings for this motion.

[3]There is some evidence in the record that this practice ceased in or around September or October 2010, and that Galaxy now hires satellite installation technicians as employees, and not as independent contractors.

Defendant HD Connection is a Missouri limited liability company and employs satellite installation technicians who perform work in Iowa, Illinois, and Missouri. On January 18, 2009, Galaxy and HD Connection entered into an Independent Contractor Agreement ("ICA"), whereby HD Connection would install DISH satellite systems and Galaxy would pay HD Connection for each system installation. HD Connection only operated out of Galaxy's Bettendorf, Iowa, office, and ceased doing business in December 2009.

Plaintiffs, and the class of persons they seek to represent, state that they perform satellite installation duties for Galaxy and HD Connection. Defendants classified Plaintiffs and other satellite installation technicians as independent contractors. Plaintiffs Terry and Rob Putnam were required to sign ICAs with HD Connection.[4]

Defendants did not compensate Plaintiffs, or other satellite installation technicians, at a rate of one and one-half times their regular rate of compensation for the time worked in excess of forty (40) hours per individual workweek. Galaxy's satellite installation technicians were paid varying job rates, depending on the type of installation or repair, and not by the hour. Satellite installation technicians were placed into three levels depending on quality of job, customer satisfaction, and connectivity. All technicians at each level were paid identical rates and a technician's experience, or time with the company, was not a factor in determining a technician's level. For a New Connect/1 Receiver, a Level One IC would be paid $77.00, a Level Two IC would be paid $83.00, and a Level Three IC would be paid $89.00. Galaxy had total control of the levels and could advance or demote a technician without notification. Galaxy also had discretion in determining which order to distribute to each technician.

Plaintiffs state that their classification as independent contractors, instead of employees, was not due to any unique factor related to their employment and that they do

[4]There is some dispute as to whether Terry Putnam also signed an ICA with Galaxy.

not have the business skills or initiative necessary to elevate their status to that of independent contractors. Plaintiffs claim they were not required to have specialized or unusual skills to work for Defendants in the cable installation, removal, and repair business. Likewise, they claim that no prior similar work experience was required before being hired as a satellite installation technician.

Plaintiffs also assert that Defendants are responsible for all financing, the acquisition and/or lease of the physical assets and equipment, inventory, advertising, and customer service. According to Plaintiffs, Defendants also provide Plaintiffs with Galaxy apparel and an identification badge. Plaintiffs also allege that Defendants control the projects Plaintiffs work on, when the work is completed, how the work is completed, and who completes the assigned work. For example, Terry and Rob Putnam were required to report to Galaxy's Bettendorf facility, complete Galaxy paperwork in accordance with Galaxy's standards, and call Galaxy's dispatch center before, during, and after they reported to jobs. Plaintiffs claim that Defendants also paid Plaintiffs and other cable installers with checks misclassifying them as independent contractors, when Plaintiffs should have been classified as employees—with rights accorded to employees—and paid overtime compensation.

Plaintiffs allege that HD Connection and Galaxy operate as a unified and common enterprise, with a common business purpose. In fact, Plaintiffs allege that HD Connection operates out of Galaxy's regional office located at 4038 Utica Ridge Road, Bettendorf, Iowa; HD Connection and Galaxy share employees; persons employed in managerial positions at HD Connection are on Galaxy's payroll; and HD Connection's business operations are controlled by Galaxy.

Plaintiffs present five counts against Defendants, with only two relevant to conditional class certification. As to Count I, Plaintiffs allege that Defendants violated the FLSA by failing to pay overtime wages, pursuant to 29 U.S.C. § 207. As to Count II, Plaintiffs allege that Defendants also violated the FLSA by paying less than the federally mandated minimum wage set for all time worked, pursuant to 29 U.S.C. § 206(a).

### III. Conditional Certification under the **FLSA**

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a workweek in excess of 40 hours unless the employee is compensated for his overtime with additional pay of at least one and one half times his regular hourly wage. 29 U.S.C. § 207. Employers who violate this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." *Id.* § 216(b). The FLSA authorizes "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime and record-keeping provisions. The FLSA provides, in pertinent part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* § 216(b). "Similarly situated" is not expressly defined in the FLSA and the Eighth Circuit has not yet addressed the issue of "similarly situated." *See Distelhorst v. Day & Zimmerman*, 58 F. Supp. 334, 335 (S.D. Iowa 1944) ("the courts should not be governed by how much or what degree of similarity there may or may not be but permit such a procedure if there is any similarity."). However, this Court, and others within the Eighth Circuit, have applied the "two-step" approach.[5] *See, e.g.*, *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 576-77 (N.D. Iowa 2005); *Littlefield v. Dealer Warranty Servs., L.L.C.*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010) (citing to federal courts that have followed and adopted the

---

[5]A § 216(b) collective action differs from class actions brought under Fed. R. Civ. P. 23. *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). A primary distinction between a Rule 23 and § 216(b) action, is that under FLSA, a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. *Id.*

two-step approach); *In re Pilgrim's Pride*, No. 1:07-cv-1832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (same); *Davis*, 408 F. Supp. 2d at 815 (same); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1163-64 (D. Minn. 2007) (same).

This court previously set forth the applicable two step standard in determining whether plaintiffs were "similarly situated" for purposes of § 216(b) in *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97 (S.D. Iowa 2008). In *Robinson*, the court quoted from the § 216(b) analysis present in *Dietrich*, 230 F.R.D. at 576-77:

> Both 29 U.S.C. § 216(b) and its precedent are "largely silent as to how the class certification issue should be analyzed." *Id.* (citing *Hoffmann-La Roche, Inc.*[ *v. Sperling*], 493 U.S. [165,] 170 [(1989)]). "A two-tiered analysis distinguishes between conditional class certification, generally made at the 'notice stage,' and a final class certification determination made after discovery is largely completed." *Campbell v. Amana Company, L.P.*, 2001 WL 34152094, at *2 (N.D. Iowa 2001) (citing *Thiessen v. General Electric Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998)). Because the initial stage of conditional certification is "based on little or no discovery, the 'burden on plaintiffs is not a stringent one.'" *Id.* (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Accordingly, "conditional certification of a representative class is generally granted." *Id.* (citing *Thiessen*, 996 F. Supp. at 1080). To establish that conditional certification is appropriate, the plaintiffs "need merely provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Id.* (quoting *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)). "Courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law." *Id.* (citing *Hoffmann*, 982 F. Supp. at 261); *accord Jackson*, 163 F.R.D. at 432). "The more stringent factual inquiry as to whether the plaintiffs are 'similarly situated' is made only after a more substantial record has been amassed." *Id.*

*Dietrich*, 230 F.R.D. at 576-77 (alterations added).

The court in *Bouaphakeo v. Tyson Foods, Inc.*, further explained the two step analysis, explaining that, "'Although the burden at the first step is "more lenient," and does not require existing plaintiffs to "show that members of the conditionally certified class are actually similarly situated,' *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007), "'plaintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required.' *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007)." 564 F. Supp. 2d 870, 894 (N.D. Iowa 2008). The court in *Bouaphakeo* continued:

> The supporting evidence should include "evidence that other similarly situated individuals desire to opt in to the litigation" because "'[o]thers' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164-65 (D. Minn. 2007) (quoting *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 21008, at *9 (S.D. Tex. Jan. 24, 2007)). In addition to "whether potential plaintiffs have been identified," district courts outside of the Eighth Circuit have evaluated several other factors at this stage to determine the propriety of conditional certification, including "whether affidavits of potential plaintiffs have been submitted, whether there is evidence of a widespread discriminatory plan, and whether, as a matter of sound management, a manageable class action exists." *Jiminez v. Lakeside Pic-N-Pac, L.L.C.*, 2007 WL 4454295, at *2 (W.D. Mich. Dec. 14, 2007) (citing *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004)). In sum, "[c]onditional certification in the first step 'requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Young*, 503 F. Supp. 2d at 1229 (quoting *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)).

564 F. Supp. 2d at 894. This two step approach thus enables plaintiffs to move for conditional certification at an early stage in the litigation. *Davis*, 408 F. Supp. 2d at 815. If a class is conditionally certified for notice purposes, then the defendant is still allowed an opportunity to move for de-certification at the close of discovery. *Id.*

Plaintiffs propose a FLSA class consisting of all current and former satellite technicians who worked for Galaxy at any of its offices from February 2, 2007, to the present and who were classified as independent contractors. Galaxy operates offices in eight states and employs over 200 certified technicians.

In support of their motion for Count I, Plaintiffs rely on the following allegations from their complaint:

> 49. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all time worked over forty (40) hours per workweek.
>
> 50. Plaintiffs and those similarly situated to Plaintiffs were not exempt from the overtime provisions of the FLSA.
>
> 51. Plaintiffs and those similarly situated are employees entitled to FLSA overtime compensation for all time worked in excess of forty (40) hours per work week.
>
> 52. Plaintiffs worked in excess of forty (40) hours per week, but did not receive overtime compensation at one and one half times their regular rate of pay from Defendants in individual work weeks for the overtime hours they worked.
>
> 53. Other similarly situated employees worked in excess of forty (40) hours per week, but did not receive overtime compensation at one and one half times their regular rate of pay from Defendants in individual work weeks for the overtime hours they worked.
>
> 54. In denying overtime compensation to Plaintiffs and other similarly situated employees, Defendants violated the FLSA.

In support of their motion for Count II, for a violation of the federal minimum wage law, Plaintiffs rely on the following allegations from their complaint:

> 59. During their employment by Defendants, Plaintiffs worked for Defendants but, at times, were paid less than the federally mandated minimum wage for all time worked. For example:

a. Plaintiffs were paid no wages for the time they spent training while in Defendants' employ;

b. In addition, in some work weeks, Plaintiffs worked jobs that required them to work a large number of hours for a single job. Upon information and belief, these jobs caused Plaintiffs' regular rate to drop below the federal minimum wage rate.

60. Under the FLSA, for all time during which Plaintiffs worked, Plaintiffs were entitled to be compensated minimum wages at a rate not less than the then applicable federal minimum wage rate.

61. Defendants violated the FLSA by failing to compensate Plaintiffs at least the federal minimum wage for all time they worked.

62. Other similarly situated employees did not receive at least the federal minimum wage rate for the time they worked for Defendants.

63. In denying minimum wages to Plaintiffs and other similarly situated employees, Defendants violated the FLSA.

Plaintiffs also submit affidavits from several opt-in plaintiffs. Adam Skrzyniarz stated that he was hired by a manager for Galaxy's Rolling Meadows, Illinois office, and was required to sign an ICA. He stated that he was required to go through unpaid training by accompanying another technician on his work assignments, and he was paid according to the type of installation work he performed. Galaxy provided him with satellites, mounts, and receivers necessary to perform his job, and Galaxy also determined his daily work schedule. He stated that, on average, he was assigned approximately four to five work orders per day.

Ihab Ghadban stated that he also worked for Galaxy's Rolling Meadows office. If he needed equipment to perform a particular job, he would obtain that equipment from the Rolling Meadows office. Additionally, the work orders he received described the job

locations, he was assigned jobs that were twenty to thirty miles apart, he could not do the assigned jobs in a different order than listed on the work order, and his supervisor at Galaxy did not like it when he rescheduled a job or completed jobs in a different order. Aleksander Turskiy worked out of the Rolling Meadows office and stated that Galaxy determined the pay rates for each particular job and determined when and how he was compensated. Steve Clooney worked out of Galaxy's Missouri and Iowa offices and stated that the conditions of his employment did not change whether he received a check from Galaxy or HD Connection. When he worked for Galaxy, Clooney did not perform installation work for any other company because he thought he was not allowed to do so.

Plaintiffs argue that notice should be sent to all similarly-situated persons because they have met the modest factual showing that they, and other similarly-situated persons, were improperly classified as independent contractors. Plaintiffs argue that all satellite installation technicians—even those working out of different locations—who were employed by Galaxy between February 2, 2007, and the present, should be conditionally certified as a class because they did not receive overtime compensation and were paid below the federal minimum wage required for employees. Plaintiffs further argue that the Court should equitably toll the statute of limitations for each individual party plaintiff because the Defendants have refused to provide similarly situated employees with sufficient knowledge about this lawsuit and their right to opt-in to it.[6] Plaintiffs also assert that the proposed opt-in notice is fair and accurate, and requests the Court to grant permission to send notice via U.S. Mail, insertions in employee pay envelopes, and posting at office locations.

Defendant HD Connection argues that Plaintiffs were independent contractors. In support of this, HD Connection argues that Plaintiffs used their own equipment and vehicles and were also encouraged to work for other companies. Further, HD Connection had limited

---

[6]Plaintiffs ask the Court to toll the statute of limitations as of the date Plaintiffs filed the complaint, February 2, 2010, through the date of the Court-ordered deadline for filing Consents to Join.

connections with Galaxy and was only involved with the Bettendorf, Iowa office from February 2009, until December 2009, and never had any involvement with any of Galaxy's other offices. Therefore, HD Connection argues that it is improper to involve it in a lengthy discovery process when there is no basis for liability outside of that eleven-month period.

Defendant Galaxy argues that Plaintiffs' motion for conditional certification should be denied because it is late and severely prejudices Galaxy. Galaxy argues that Plaintiffs' motion violates Local Rule 23, which states that any action brought as a "class or representative action" must be filed within 180 days after commencement of the action. Because 400 days have passed since the original complaint was filed and 280 days have passed since this matter was transferred to the Southern District of Iowa, Galaxy argues that the motion is untimely.

Galaxy also argues that Plaintiffs fail to demonstrate that they are similarly situated and that a class action would be impracticable spanning eight different states with different regional managers. Plaintiffs seek a class of Galaxy independent contractors, but representative Plaintiffs Terry and Rob Putnam were contractors for a separate company, HD Connection, and were paid differently than independent contractors operating through Galaxy. Galaxy argues that Plaintiffs' proposed class fails because it is not narrowly tailored to encompass similarly-situated plaintiffs and the proposed class (of over 500 individuals) would be unmanageable.

Galaxy asserts that Plaintiffs' proposed notice to potential class members fails to meet the requirements for court-authorized notice. Galaxy asserts that Plaintiffs' proposed notice gives the improper impression that the underlying litigation has merit. Galaxy also argues that it is unnecessary and overly burdensome to give notice via Plaintiffs' three proposed methods. Finally, Galaxy disputes that Plaintiffs are entitled to equitable tolling of the statute of limitations. Galaxy argues that equitable tolling is only available when delay is caused by the defendants, and here, Galaxy and HD Connection did not cause any delay.

The Court considers each of these arguments in turn.

## A. Timeliness of the Motion

As a threshold matter, Defendants argue that Plaintiffs' filing of this motion is late and unduly prejudicial. Plaintiffs argue that they could not file the motion for conditional class certification because of Galaxy's failure to timely produce documents and information bearing on the appropriateness of issuing notice. Further, Plaintiffs argue that this class motion does not prejudice Defendants because there were numerous discovery conferences in which the parties discussed whether Galaxy would agree to issue notice.

The Southern District of Iowa's Local Rule 23 states that, "[i]n any action brought as a class or representative action, the party seeking to maintain the action as a class or representative action must, within 180 days after commencement of the action, file a separate motion for certification." This matter was originally filed in the Northern District of Illinois on February 2, 2010, and transferred to this district on June 7, 2010. Approximately 400 days and 280 days, respectively, have elapsed since this matter was filed in each district. But these dates, alone, are insufficient to flesh out the procedural history of this case.

The Court entered an order granting the proposed scheduling order[7] and discovery plan on September 30, 2010. [Dkt. No. 47.] In this order, "discovery related to the appropriateness of issuing collective action notice under Section 216(b) of the FLSA [was ordered] to be completed by **January 31, 2011.**" The order also specifically stated that "fact discovery [is] to be completed within **180 days** after the opt-in period expires." *Id.* Defendants would have the Court strictly enforce Local Rule 23, in that the Plaintiffs' motion for conditional class certification could be filed no later than December 4, 2010.[8] But the district court can "determine what departures from its local rules of practice may be overlooked" and has "considerable leeway in the application of its local rules." *See Trundle v. Bowen*, 830 F.2d 807, 809 (8th Cir. 1987); *Silberstein v. IRS*, 16 F.3d 858, 869 (8th Cir.

---

[7]The Court notes that Plaintiffs' proposed discovery schedule was unresisted.

[8]Calculating 180 days from the transfer of the case to the Southern District of Iowa.

1994).

The Court ordered discovery as to whether it would be appropriate to file class action notice to be finalized by January 31, 2011. In setting this date, the Court departed from Local Rule 23. *See Bowen*, 830 F.2d at 809. Plaintiffs' present motion was filed on March 17, 2011, less than two months after this order was entered. Further, the Court notes that Defendants are not prejudiced by the timing of this motion because Defendants previously rejected Plaintiffs' attempts to consent to opt-in notice. Defendants have been aware since at least November 2010 of Plaintiffs' intent to seek conditional class certification. The filing of this motion is not unreasonable delay under the circumstances. The Court finds that Plaintiffs' motion to conditionally certify the class is timely and Defendants are not prejudiced.

### B. Whether the Plaintiffs are Similarly Situated

Defendants argue that Plaintiffs cannot show that they are "similarly situated" for purposes of authorizing collective action treatment and notice under § 216(b). Defendants argue that the unsupported and contested allegations of Plaintiffs' complaint do not constitute substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. Defendants claim that the proposed class members are not similarly situated because there are major differences in the way each Area Manager ran his or her region in the offices throughout eight states. Further, Defendants argue that the proposed class is too broad because the opt-in Plaintiffs only worked at two of the fourteen offices for which Plaintiffs are trying to include as part of the collective action. Defendant HD Connection separately argues that the proposed class far outstrips its limited, nine-month involvement with Galaxy.

Plaintiffs assert that they have met the burden at the initial stage to show that the potential plaintiffs are similarly situated. They argue that they need not prove the merits of the claim—whether the classification as independent contractors, versus employees, was

improper—because there was a common policy or plan carried out at all locations it seeks to include within the class. Plaintiffs assert that the proposed class is manageable and reaches all similarly situated employees because satellite installation technicians: (1) all worked in the same job position; (2) all performed satellite installation work for Galaxy; (3) all were required to call Galaxy's dispatch center during jobs; (4) all were classified as independent contractors; (5) all were required to sign substantially similar ICAs; (6) all were paid on a job rate basis; and (7) all were not paid overtime when they worked in excess of forty hours per work week. As to HD Connection, Plaintiffs assert that there is a sufficient factual connection to include HD Connection in this proposed conditional class certification.

The Court must first look to whether the proposed class is similarly situated according to the two-step approach adopted by this court, and others within this circuit. *See Dietrich*, 230 F.R.D. at 576-77. This is the "notice stage" and the burden on the Plaintiffs is "not a stringent one;" rather, the Plaintiffs only must make a modest factual showing "sufficient to demonstrate that they and potential victims were victims of a common policy or plan that violated the law." *Campbell*, 2001 WL 34152094, at *2. The Court need not determine, at this stage in the proceeding, whether the satellite installation technicians were improperly classified as independent contractors, rather than employees. *See Bouaphekeo*, 564 F. Supp. 2d at 893 (at the notice stage of a § 216(b) proceeding, "plaintiffs need not prove the merits of their claim. That is, plaintiffs do not have to show that the employer actually violated the FLSA.").

Defendants also urge the Court to look to the "economic realities" of the working relationship—not merely characterization as an independent contractor or employee—and find that there is not enough similarity among the putative class members. *See In re FedEx Ground Package Sys., Inc.*, 662 F. Supp. 2d 1069, 1083 (N.D. Ind. 2009). This test requires a court to consider criteria such as: (1) right to control; (2) opportunity for profit or loss; (3) investment in equipment or materials for employment; (4) degree of skill required; (5) degree of permanency and duration of working relationship; and (6) extent to which the

service rendered is an integral part of the employer's business. *Id.* (citing *Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987)). The "economic realities" test actually cuts against the Defendants because there is evidence in the record to suggest that the satellite installation technicians did not control their assigned jobs; made money based on their assigned skill level; did not invest in their own equipment; skill was not required to be hired; and satellite installation was a large component of the businesses of HD Connection and Galaxy. *See Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961) (court should determine whether an individual is an "employee" in light of the "economic reality" of the situation under the totality of the circumstances). Making a determination, at this time, of whether the satellite installation technicians were independent contractors or employees pursuant to the "economic realities" test, would also improperly delve into the merits of Plaintiffs' claim. *See Bouaphekeo*, 564 F. Supp. 2d at 893.

Here, there are four additional opt-in plaintiffs besides Terry and Rob Putnam and there is sufficient interest to show that other individuals may desire to opt-in to the litigation. *Id.* at 894. All six plaintiffs have submitted affidavits documenting patterns and practice of employment that may evince violations of FLSA. *Id.* In all six cases, the Plaintiffs explained that they were required to work more than forty hours per work week without compensation. A review of the materials submitted by both parties reveals that the satellite installation technicians were paid based on the job type, but spent additional time training, traveling to locations, and picking up equipment to use for installations. They had to wear Galaxy uniforms and Galaxy identification badges. The Plaintiffs all had to sign substantially similar ICAs and report to Galaxy before, during, and after each job was completed. Some Plaintiffs felt discouraged from working other jobs and the Plaintiffs were also discouraged from changing the assigned work order. The "level" of compensation for each individual contractor also varied and was arbitrary based on Galaxy's unilateral determination of the contractor's overall performance. These practices appear similar in the two offices at which the Plaintiffs worked.

The Court finds that the Plaintiffs have met their burden, at least at this stage of the litigation, of demonstrating a "single decision, policy, or plan." The fact that Area Managers across the different locations may have different management styles or policies is not fatal to Plaintiffs' motion. Galaxy does not refute that, despite different Area Managers, there was a common practice or policy in treating satellite installation technicians as independent contractors instead of employees. For the time being, the Court finds that the proposed class is not overly large and is manageable because there are, at most, approximately 500 putative plaintiffs across eight states and multiple office locations. *Contra Ray v. Motel 6 Operating LP*, No. 3-95-828, 1996 WL 938231, at *1-2 (D. Minn. Mar. 18, 1996) (unpublished) (court denied conditional class certification because plaintiffs worked at thirty-nine different properties in twenty different states, with a wide variety of motel properties, overtime hours worked, and management schemes). The evidentiary submissions are limited to satellite installation technicians who all performed the same type of work and the class, as proposed, is not overbroad. *See, e.g., Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 208-09 (N.D.N.Y. 2009) (limiting conditional class to employees responsible for patient care because other employees did not experience work conditions requiring work during breaks). Within this district, conditional certification has been granted for a collective FLSA class authorizing the named Plaintiffs to disseminate judicial notice of the action to over 6000 putative class members. *Jones v. Casey's General Stores, Inc.*, 266 F.R.D. 222, 226 (S.D. Iowa 2009) (court granted conditional certification for a proposed class of current and former assistant store managers).

The Court finds that the class originally advanced by the Plaintiffs is similarly situated and satisfies § 216(b) of the FLSA. The Plaintiffs have presented sufficient factual information to show that other potential plaintiffs are similarly situated. The Court finds that there is also a sufficient factual connection between HD Connection, Galaxy, and the Plaintiffs, and it would not be inequitable to include HD Connection in the continued discovery process. Discovery will also determine whether the practices and policies of Area

Managers vary to a degree that would warrant, in future, reducing the size and parameters of the class.

### C. Tolling the Statute of Limitations

Plaintiffs also ask the Court to equitably toll the statute of limitations under FLSA, because similarly situated plaintiffs, through no fault of their own, have been unable to join the lawsuit. Plaintiffs assert that Defendant has delayed in providing contact information. Defendants argue that equitable tolling is inappropriate because Plaintiffs are responsible for the delay in filing the claim, and they were not required to provide contact information for potential claimants until a collective action was certified.

In FLSA collective actions, plaintiffs must affirmatively opt-in to participate in the litigation. 29 U.S.C. § 216(b). The FLSA permits complaints for unpaid wages or overtime for two years "after the cause of action accrued," but willful violations of the FLSA are subject to a three-year statute of limitations. *Id.* § 255(a). An action is "commenced," under the FLSA, on the date the complaint is filed, subject to certain exceptions. 29 U.S.C. § 256. In the case of a collective action like the one before the Court, if the individual claimants do not immediately file written consents to become party plaintiffs, the action is considered to be commenced when the written consents are filed. *Id.* § 256(b). Courts have looked to legislative intent and observed that ordinary FLSA opt-in plaintiffs should not have their filing dates relate back to the date of the original complaint for statute of limitations purposes. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096-97 (11th Cir. 1996) (discussing the text of the statute and legislative intent).

The doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990), *cert. denied*, 501 U.S. 1261 (1991). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005). The Supreme Court has cautioned courts that the doctrine of equitable tolling should be used "sparing," *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990), and "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000); *Wallace v. Kato*, 549 U.S. 384 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."). "The doctrine of equitable tolling does not apply to 'garden variety' claims of excusable neglect, and should be invoked only in exceptional circumstances truly beyond the plaintiff's control." *Jenkins v. Mabus*, --- F.3d ----, 2011 WL 2936331, at *4 (8th Cir. July 22, 2011) (citations omitted). A plaintiff bears the burden of demonstrating why he is entitled to equitable tolling, and the resolution of the issue is fact-specific. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Plaintiffs seek equitable tolling on the grounds that Defendants delayed, and to date, still have not provided contact information for potential opt-in plaintiffs. Further, Plaintiffs assert that Defendants' failure to provide a class list required Plaintiffs to engage in lengthy and burdensome discovery prior to moving for conditional certification.

It is an open question as to whether refusal to provide contact information that the FLSA does not require to be disclosed is sufficient grounds for equitable tolling. *Compare Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007), *with Gerlach v. Wells Fargo & Co.*, 2006 WL 824652, at *5 (N.D. Cal. 2006). There is no clear Eighth Circuit authority on the issue. But, a court in the Southern District of New York points out that,

> FLSA defendants are not obligated from the inception of a litigation either to provide contact information of putative collective action members or to toll potential claims voluntarily. To grant the exceptional remedy of equitable tolling any time an FLSA defendant declines to provide contact information or to

> toll claims would, in effect, require that the statute of limitations for FLSA claims be tolled as a matter of course for all potential plaintiffs whenever the first plaintiff files her complaint–a result plainly contrary to the procedural rules that govern FLSA collective actions.

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 480 (S.D.N.Y. 2008) (citing *Boykin v. KeyCorp*, 521 F.3d 202, 211 n.10 (2d Cir. 2008) ("[T]o permit equitable tolling for [an] entire class of individuals would threaten to extend the doctrine beyond its limitation to 'rare and exceptional circumstances.'")). *See also Prentice v. Fund for Pub. Interest Research, Inc.*, 2007 WL 2729187, at *10 (N.D. Cal. Sept. 18, 2007) (But "[i]f refusal to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement.").

The Court agrees that a failure to disclose contact information is not an "exceptional circumstance" warranting equitable tolling. *See Jenkins*, 2011 WL 2936331, at *4. The Court finds that there is no requirement in § 216(b) to provide contact information and this is not sufficient grounds to permit equitable tolling. The Court denies Plaintiffs' request for equitable tolling from the date of filing the complaint to the deadline for filing opt-in consents. However, the Court does toll the statute of limitations from when Plaintiffs' motion to conditionally certify a class was filed, on March 17, 2011, until the forty-five day notice period *begins* to run. *See Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (allowed tolling for the time necessary to decide pretrial motions, including a certification motion under the FLSA).

The complaint in this matter was filed February 2, 2010, and with a three-year statute of limitations, the earliest possible cut-off date for eligible claims by plaintiffs is February 2, 2007. Claims of other potential plaintiffs are tolled on the date their consent forms are filed. February 2, 2007, is the earliest possible date that an opt-in plaintiff may have been last employed by Defendants in order to have a timely claim under the FLSA. The Court

will retain this date on the notice and consent form, with the understanding that individual plaintiffs opt-in once their consents are filed.

### D. Form of Notice and Dissemination of Notice

Plaintiffs request the Court to approve the form of notice and dissemination of the notice. Defendants raise limited objections to the proposed notice and also object to the manner of dissemination.

The Court first addresses Defendants' concern with the form and content of the proposed notice. First, the notice does provide a fair and accurate description of the scope of the putative class. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989). Second, the Defendants claim that the proposed notice misrepresents that the suit has merit because the notice has the case caption, the title of the action, the name of the court, the file number, and the assigned judge. The return envelope also states "Court Authorized Notice of Unpaid Overtime Lawsuit. Deadline to Join." The Court finds that the notice is "fair and accurate" because it is proper to include such basic identifying information. *See ABC Carpet*, 236 F.R.D. at 202. The envelope is also not unduly suggestive because it directs potential plaintiffs that the contents of the envelope may affect their rights to join the lawsuit. The suggested wording only alerts potential plaintiffs that it is not "junk mail."

The Court does note that the proposed notice does not have the currently designated judge. Plaintiffs are directed to change the assigned judge to "Judge Jarvey" and case number to "Case No. 3:10-cv-72-JAJ-RAW" wherever it appears.

The Court next considers the three separate methods of notice. Plaintiffs seek the Court's permission to notify potential opt-in plaintiffs by posting the Notice in Defendants' offices during the notice period; including the Notice in employee paycheck envelopes; and sending Notice via First Class U.S. Mail, with a return envelope included. Defendants assert that three separate notices would be wholly unnecessary and improper, and instead ask the Court to issue notice one time via U.S. Mail.

First class mail is generally considered to be the best form of notice. *See Hintergerger v. Catholic Health Sys.,* No. 08-CV-380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009) (collecting cases). As to posting of notice in Defendants' offices, courts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice. *See Simmons v. Enterprise Holdings, Inc.,* 2011 WL 855669, at *3 (E.D. Mo. Mar. 9, 2011) (requiring posting of notice in employee break rooms during notice period); *Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ("[W]hile defendants object to the posting of the Notice at their business locations–and request an order prohibiting it–such a practice has been routinely approved in other cases.").

The Court finds these two methods of notice to be sufficient. In addition, the Court grants Plaintiffs' request to have an opt-in notice period of 45 days.

Upon the foregoing,

IT IS ORDERED that:

1.  Plaintiffs' Motion for a Conditional Class Certification [Dkt. No. 57] is GRANTED consistent with the provisions of this order.

2.  Notice of pendency of this action shall be sent to all current or former

    individuals who worked for Galaxy 1 Marketing, Inc. and/or HD Connection, LLC, as satellite installation technicians at any of Galaxy 1 Marketing, Inc. and/or HD Connection, LLC's offices between February 2, 2007, and the present, and who were classified as independent contractors.

3.  The "Notice" and "Consent Form" as set forth in Exhibit A of Plaintiffs' motion for conditional certification of the class is approved, with the following changes: Plaintiffs are directed to change the assigned judge to "Judge Jarvey" and case number to "Case No. 3:10-cv-72-JAJ-RAW" wherever it appears.

4.  The defendants shall have until **seven (7) days** of this Order in which to provide counsel for plaintiffs with a complete list of the names and addresses of the proposed class members.

5.    Counsel for Plaintiffs shall have **ten (10) days** from receipt of the names and addresses of putative class members in which to circulate the notice at plaintiffs' counsel's expense.

6.    Putative class members shall have **forty-five (45) days** from circulation of the notice of pendency in which to opt in to this action.

7.    Plaintiffs' request to notify the putative class members via U.S. Mail and conspicuous posting of the notice at Defendants' work locations during the notice period is GRANTED. The Plaintiffs' suggested Envelope and a postage prepaid return envelope is approved.

8.    Plaintiffs' request to notify the putative class via insertions in employees' paycheck envelopes is DENIED.

DATED this 23rd day of August, 2011.


JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA